IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY J. BACON,

        Plaintiff,

vs.                                          No. CIV 97-1128 BB/LFG

TIM LeMASTER,

        Defendant.

## MAGISTRATE JUDGE'S ANALYSIS
## AND RECOMMENDED DISPOSITION[1]

THIS MATTER came before the Court on Defendant Correctional Medical Systems' Motion for Summary Judgment, filed March 10, 1999 [Doc. 23]. Plaintiff Anthony J. Bacon ("Bacon") did not respond. Bacon alleges that he was exposed to a synthetic pyrethrum compound on April 17, 1997. He alleged he was denied access to medical attention, that he was denied access to qualified medical personnel, and that he received an inadequate medical examination.

### Summary Judgment Standards

Summary judgment is appropriate when the moving party can demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S. Ct. 1598 (1970); *Quaker*

---

[1] Within ten (10) days after a party is served with a copy of this legal analysis and recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.

*State Minit-Lube, Inc., v. Firemen's Fund Ins. Co.,* 52 F.3d 1522, 1527 (10th Cir. 1995). The party moving for summary judgment must shoulder the initial burden of establishing the absence of a question of fact. *Adickes*, 398 U.S. at 144. That burden is carried when the moving party demonstrates that the undisputed facts entitle the moving party to judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548 (1986). That initial burden can be shouldered when the moving party demonstrates by way of admissible evidence, by deposition, answers to interrogatories, admission, affidavits or documentary evidence that the undisputed facts entitle the moving party to judgment. *Id.*

A party opposing summary judgment must do more that rely on its pleadings or mere argument or contention to defeat a *prima facie* showing of an entitlement to judgment. Federal law provides that the party opposing the motion for summary judgment must affirmatively come forward with specific facts, supported by admissible evidence, which demonstrate the presence of a genuine issue for trail. *Id.* 234. The requirement is made clear in the rule itself:

> An adverse party may not rest upon mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided by this rule, must set forth specific facts showing there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, will be entered against the adverse party.

Fed. R. Civ. P. 56.

Thus, the burden on the party opposing a motion for summary judgment is significantly greater when the moving party successfully makes a *prima facie* showing of entitlement to judgement. The test is not whether the party opposing the motion will be able to demonstrate a factual dispute at trial, but, rather, whether that party can demonstrate the presence of a material, factual dispute in

2

response to the moving party's *prima facie* showing. The Court will consider Defendant's motion in light of the above standards.

## Undisputed Material Facts

The undisputed material facts submitted by Defendant in support of the motion are set forth below. Bacon did not object to the factual recitations and the Court deems the facts as admitted since not controverted. D.N.M.LR.Civ. 56.1(b).

1. On April 17, 1997, Bacon was brought to the clinic by security. He reportedly had been exposed to a chemical used for extermination of insects. Upon examination, Bacon's lungs sounded clear and he was not in respiratory distress. Poison control was contacted for a recommendation, which was for Bacon to breathe fresh air and shower as soon as possible. If symptoms persisted, he was advised to return to the clinic. Bacon was also given Tylenol. (Medical Encounter Record, dated April 17, 1997, Ex. B).

2. On April 18, 1997, Bacon was returned to the clinic and reported that he was still not feeling well. Bacon was evaluated and his lungs were clear, he was alert and he was not in respiratory distress. Bacon was given a hand held ventilin inhaler. (Medical Encounter Record dated April 18, 1997, Ex. B2).

3. On April 22, 1997, Bacon saw a healthcare provider who drew blood for blood tests. (Medical Encounter Record dated April 22, 1997, Ex. B3 and B4).

4. On May 5, 1997, Bacon was seen by a physician and complained of a cough and a sore throat. He did not have a fever or the chills. He also was not coughing up any sputum. Bacon was diagnosed as having acute bronchitis or an upper respiratory infection. Sudafed and Amobul were prescribed. (Medical Encounter Record dated May 5, 1997, Ex. B5).

5. On June 2, 1997, Bacon was seen by a physician and, following examination, the physician diagnosed Bacon as having throat irritation and suggested warm salt water gargles and Cepacol lozenges, which he was to allow to dissolve in his mouth. He as to return to the clinic if necessary. (Medical Encounter Record dated June 2, 1997 Ex. B6).

6. On July 23, 1997, Bacon had an appointment with a provider for his annual health maintenance check. (Medical Encounter Record dated July 23, 1997 Es. B7).

7. On August 8, 1997, Bacon was seen by a healthcare provider. He was complaining of blurry vision, nasal drainage and congestion, and was having allergy symptoms in conjunction with his blurry vision episodes. Bacon denied that he had a headache, his gait was steady and his coordination was intact. He was also alert and oriented. The assessment was that Bacon was having an alteration in comfort due to his allergies. He was given medication for his allergies. (Medical encounter dated August 8, 1997 Ex. B8).

8. At all times, the medical care providers possessed and applied the knowledge and used the skill and care ordinarily used by reasonably well-qualified healthcare providers of the same field of medicine practicing under similar circumstances. (Affidavit Dr. Michael Puisis, Ex. C).

Defendant argues that summary judgment should be entered because Bacon has failed to show that the medical care he received rises to the level of deliberate indifference.

The law is clear that deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment in violation of the Eighteenth Amendment. *Brown v. Zavaras*, 63 F.3d 967, 970 (10th Cir. 1995)(citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

> "[I]n this circuit a prisoner, whether he be an inmate in a penal institution after conviction or a pre-trial detainee in a county jail, does not have a claim against his custodian for failure to provide adequate

medical attention unless the custodian knows of the risk involved and is deliberately indifferent thereto."

*Barrie v. Grand County, Utah*, 119 F.3d 862, 868-69 (10th Cir. 1997).

Applying this principle to Bacon's allegations, the Court finds that he has failed to state an Eighth Amendment claim. It is uncontroverted that he received prompt medical attention following his exposure to the pesticide. For example, prison officials contacted poison control authorities and followed their suggestions. At no time, was Bacon's medical needs ignored. The medical records controvert Bacon's contention that he was denied medical care. Accordingly, the Court finds that Defendant's Motion for summary judgment should be granted.

## **Recommended Disposition**

That Defendant's Motion for Summary Judgment be granted.

_____
Lorenzo F. Garcia
United States Magistrate Judge